1

2

3

4

5

6

7

8

9

10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 11 | MARIA YOLANDA REYES, | ) Case No.: 1:10-cv-02094 JLT |
| 12 | Plaintiff, | ) ORDER TO SHOW CAUSE WHY THE<br>) ACTION SHOULD NOT BE DISMISSED |
| 13 | | ) |
| 14 | v. | ) |
| 15 | MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| 16 | | ) |
| 17 | Defendant. | ) |

18       Maria Yolanda Reyes ("Plaintiff") commenced this action against the defendant,

19   Commissioner of Social Security, on November 9, 2010.  (Docs. 1-2).  The Court issued its

20   Scheduling Order on November 10, 2010.  (Doc. 6).  The Social Security Administrative Transcript

21   was filed on April 7, 2011.  (Doc. 10).

22       Pursuant to the Scheduling Order, the plaintiff should have served a letter brief within thirty

23   days of service of the administrative record, or by May 9, 2011.[1]  (Doc. 6 at 2).  Defendant was to

24   respond with thirty-five days, or by June 13, 2011.  *Id.*  When the parties do not agree to a remand,

25   an opening brief must be filed with the Court within thirty days of service of the defendant's

26   response.  *Id.*  Therefore, Plaintiff's opening brief was due by July 13, 2011.

27

28

---

[1] The thirtieth day, May 7, 2011 fell on a Saturday.  As a result, the letter brief was due the following Monday.

1    In the Scheduling Order, the parties were notified that "the Court will allow a single

2 thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties."

3 (Doc. 6 at 4).  Also, the parties were informed that, with the exception of the single

4 stipulation, any requests to modify the Scheduling Order must be made by written motion and

5 would only be granted for good cause.  *Id.*  Further, the parties were warned that violations of

6 the order may result in sanctions pursuant to Local Rule 110.  *Id.*  Notably, the parties have

7 not stipulated to extend deadlines, nor have requests have been made to the Court to modify

8 the Scheduling Order.

9    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

10 party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

11 any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have

12 inherent power to control their dockets," and in exercising that power, a court may impose sanctions

13 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

14 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

15 an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*

16 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

17 requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

18 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,

19 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

20    Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of

21 this Order why the action should not be dismissed for her failure to prosecute or to follow the

22 Court's Order.  Alternatively, within 14 days, Plaintiff **SHALL** file her opening brief.

23

24 IT IS SO ORDERED.

25 Dated:   **August 19, 2011**                                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

26

27

28